IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY C. VAUGHN,

                Plaintiff,

v.

MARATHON COUNTY JAIL,                          OPINION and ORDER
MARATHON COUNTY SHERIFFS DEPT,
SHENG LOA, R.J., LUCAS VOLDEN,                23-cv-365-wmc[1]
LORRAINE ZAMZOW, SASHA WISNEWSKI,
JACOB SADLER, MELISSA MODRZEJEWSKI,
and MARK JACOBSON,

                Defendants.

---

Pro se plaintiff Jeremy C. Vaughn is incarcerated at the Lincoln County Jail and complains about the conditions of confinement he experienced at the Marathon County Jail. Because Vaughn is proceeding in forma pauperis, I will screen his amended complaint, Dkt. 13, and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I conclude that Vaughn cannot proceed with his claims because his complaint violates the Federal Rules of Civil Procedure. But I will give Vaughn an opportunity to correct the problems I identify in this opinion.

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

Vaughn's complaint contains two sets of claims that are largely unrelated. First, Vaughn says that his phone account was blocked on May 2, 2023, and he was unable to speak to his attorney the day before his final revocation hearing. Vaughn complained to defendants R.J., Mark Jacobson, Lucas Volden, Sasha Wisnewski, and Jacob Salber, but they did not help him. Second, Vaughn says that the jail's septic tank backed up on May 4, 2023, causing the toilets and showers on Vaughn's cell block to overflow with human waste. Vaughn complained to defendants Sheng Loa, Lorraine Zamzow, Melissa Modrzejewski, and R.J. about the issue and the medical symptoms he was experiencing from the odor, but nothing was immediately done.

Rule 20 and Rule 21, as well as the court's inherent authority, allow courts to sever unrelated claims. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863–64 (7th Cir. 2018); *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011). Lawsuits with unrelated claims are both unfair to defendants (who must participate in proceedings that have little to do with them) and difficult to manage for the court and the plaintiff (who may find it impossible to litigate unrelated claims at the same time, with or without a lawyer). *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Thus, when a plaintiff tries to cram too much into one case, the court may require the plaintiff "to file separate complaints, each confined to one group of injuries and defendants." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

The two sets of claims identified above do not belong in the same lawsuit. Vaughn appears to believe that the claims are sufficiently related because all of the events occurred at the Marathon County Jail. But that one common fact is not enough to hold the claims together. The two sets of claims involve different defendants and different types of claims, and they will require different evidence to prove. So only one of the set of claims may proceed as Case No.

23-cv-365-wmc. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Vaughn will have to choose which set of claims that is.

As for the other set of claims, Vaughn has to make another choice. One option for Vaughn is to pursue the other claims in a separate lawsuit. In that case, he will be required to pay a separate filing fee for the other lawsuit. In addition, he may receive a "strike" under 28 U.S.C. § 1915(g) for any lawsuit that is dismissed for failure to state a claim upon which relief may be granted or one of the other reasons listed in § 1915(g). As Vaughn may be aware, once a prisoner receives three strikes, he is not able to proceed in new cases without first paying the full filing fee except in narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, Vaughn may choose to dismiss one set of claims voluntarily. If he chooses this route, he will not owe additional filing fees or face a strike for the claims he dismisses. The claims dismissed voluntarily would be dismissed without prejudice, which means that Vaughn would be able to bring them at another time, so long as he files a new lawsuit before the statute of limitations has run.

Because it is not clear at this time which of Vaughn's claims he will pursue, I have not assessed the merits of the claims or determined whether the allegations provide fair notice, as required by Rule 8 of the Federal Rules of Civil Procedure. Once Vaughn identifies the claims he wants to litigate, I will screen the complaint as required under 28 U.S.C. § 1915(e)(2) and § 1915A. Because Vaughn faces filing fees and potential strikes for each lawsuit he pursues, he should carefully consider the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If Vaughn disagrees with the way I have grouped his claims or if he believes I have left out claims he intended to assert or included claims he did not intend to assert, he may raise

those objections, but he must still comply with this order and choose which of the two sets of claims he wishes to pursue. If he fails to do so, I will dismiss all of his claims for his failure to comply with a court order.

ORDER

IT IS ORDERED that:

1. Plaintiff Jeremy C. Vaughn may have until August 15, 2023, to identify for the court which of the following two sets of claims he wants to pursue under Case No. 23-cv-365-wmc: (1) his claims against R.J., Mark Jacobson, Lucas Volden, Sasha Wisnewski, and Jacob Salber; or (2) his claims against R.J., Sheng Loa, Lorraine Zamzow, and Melissa Modrzejewski.

2. Also by August 15, 2023, Vaughn is to tell the court whether he wishes to: (1) pursue the other set of claims in a separate lawsuit and be assessed a second filing fee; or (2) dismiss the other set of claims without prejudice to his refiling them at a later date.

3. Once Vaughn chooses which claims he wants to pursue, I will screen the claims to determine whether they state a claim upon which relief may be granted. If Vaughn fails to respond to this order by August 15, 2023, I will enter an order dismissing his claims without prejudice for his failure to prosecute them.

Entered July 31, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge